UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ANDREW EARL DEMARS, a/k/a
ANDY EARL DEMARS, and
DUANE ALLEN PARADISE,

    Defendants.
_____/

CASE NO. 2:10-CR-18

HON. ROBERT HOLMES BELL

## **OPINION**

This matter is before the Court on Defendant Duane Allen Paradise's motion to dismiss the indictment (Dkt. No. 30). Defendant DeMars seeks to join in this motion (Dkt. No. 33). For the reasons that follow, the motion to join will be granted, and the motion to dismiss the indictment will be denied.

### **I. Background**

On April 13, 2010, Defendants Paradise and DeMars were indicted by a grand jury on two counts of narcotics violations: (count 1) conspiracy to manufacture, distribute, and possess with intent to distribute marijuana in violation of 21 U.S.C. § 841 and 846 and (count 2) manufacturing and possessing with intent to distribute marijuana in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2(a). Both counts also specify that a quantity of 100 or more marijuana plants was involved in the offenses.

Defendants contend that the evidence seized by the government - namely, 384 marijuana stalks - are not "plants" as defined by the Sixth Circuit. Defendants are requesting an evidentiary hearing to determine whether the evidence seized constitute "marijuana plants." If, after the requested hearing, this Court agrees with their assertions that the stalks are not "plants," Defendants are requesting that the indictment be held invalid as a matter of law and dismissed.

## II. Analysis

It is well-established that "[a]n indictment returned by a legally constituted and unbiased grand jury . . . if valid on its face, is enough to call for a trial on the merits." *Costello v. United States*, 350 U.S. 359, 363 (1956). Likewise, "the validity of an indictment is not affected by the character of the evidence considered. Thus, an indictment valid on its face is not subject to challenge on the grounds that the grand jury acted on the basis of inadequate or incompetent evidence." *United States v. Calandra*, 414 U.S. 338, 344-45 (1974). Rather, an indictment is sufficient if it meets a two prong test: "first, the indictment must set out all of the elements of the charged offense and must give notice to the defendant of the charges he faces; second, the indictment must be sufficiently specific to enable the defendant to plead double jeopardy in a subsequent proceeding, if charged with the same crime based on the same facts." *United States v. Martinez*, 981 F.2d 867, 872 (6th Cir. 1992).

Here, the defendants are not challenging the facial validity of the indictment or the grand jury proceedings. Instead, they are challenging the adequacy of the evidence to support the indictment. In effect, they are asserting that the government cannot prove its case; that the government cannot prove beyond a reasonable doubt that they were involved in

manufacturing and possessing with intent to distribute or conspiracy to manufacture, distribute, or possess with intent to distribute 100 or more marijuana plants.

This Court declines to opine on that issue; it will not speculate what the evidence will show at trial. Even if the defendants are correct that the government lacks the evidence to prove its case, that would not be grounds to dismiss an indictment. As noted above, an indictment is not subject to challenge on the grounds that the grand jury acted with inadequate evidence. Our criminal procedure sets out other methods of attacking a case brought with insufficient evidence.

Here, the indictment sets out the elements of the offenses charged and gives the defendants notice of the charges they face. It is sufficiently specific that the defendants can plead double jeopardy if they are charged in a subsequent proceeding of the same crime based on the same facts. Thus, the indictment is legally sufficient and not invalid.

### III. Conclusion

For the reasons given above, Defendants Duane Allen Paradise and Andrew Earl DeMars's motion to dismiss the indictment will be denied. An order consistent with this opinion shall be entered.


Dated: August 19, 2010 /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE